IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LACEY HUMPHREYS, § | |
| § | |
| Plaintiff, § | |
| vs. § | Civil Action No. 3:17-cv-02254-G |
| § | |
| SAFECO INSURANCE COMPANY OF § | |
| INDIANA, § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Lacey Humphreys ("Ms. Humphreys"), Plaintiff herein, files this First Amended Complaint against Defendant Safeco Insurance Company of Indiana ("Safeco") and, in support of her causes of action, would respectfully show the Court the following:

## I.
## THE PARTIES

1. Lacey Humphreys is a Texas resident who resides in Dallas County, Texas.

2. Safeco is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Corporation Service Company, via certified mail at 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

## II.
## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction of this lawsuit under 28 U.S.C. §§ 1332(a). All parties to this civil action are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

4.     Venue is proper in this District because all or a substantial part of the vents or omissions giving rise to the claim occurred in Dallas County, Texas, located within this federal district.

## III.
## FACTUAL BACKGROUND

5.     Ms. Humphreys owns a home located at 1150 Whispering Oaks Dr., Desoto, Texas 75115. She is a named insured under a property insurance policy issued by Safeco, Policy No. OY07319193.

6.     On or about March 17, 2016, or March 24, 2016, or sometime within the policy period, a severe wind and hail storm struck the Desoto, Texas area, damaging Ms. Humphreys's dwelling, specifically her roof. Ms. Humphreys subsequently filed a claim on her insurance policy.

7.     Defendant improperly underpaid the claim.

8.     Safeco assigned adjuster Jesse Emerson to adjust the claim. On his first visit to the home, Emerson did not come equipped with a ladder, so he returned a few days later. Having told Ms. Humphreys that this was his first job as an adjuster, Emerson returned to the home a few days later and was accompanied by another adjuster.

9.     Emerson inspected the property inadequately and unreasonably. Emerson overlooked obvious storm damage and concluded that the roof could merely be repaired, whereas the roof required complete replacement. Emerson concluded that a workmanlike repair of Plaintiff's steel tile roof could be completed. A properly trained adjuster, which Emerson was not, would have concluded that a workmanlike repair was not feasible and that entire replacement of the roof was warranted. Emerson conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

10. Following this inspection, Safeco sent an engineer from Donan Engineering to rubberstamp Emerson's unreasonable investigation. Shahabedin Seyedkalal ("Seyedkalal") of Donan Engineering misrepresented that "no hail damage is on the shingles on this roof."

11. Following Donan's report, Matt Samuelson, a Senior Field Claims Resolution Specialist for Safeco, sent Plaintiff a letter on February 13, 2017. Mr. Samuelson stated that Plaintiff's claim for the roof was denied due to improper installation. Mr. Samuelson stated that Donan and Seyedkalal had concluded improper installation. Mr. Samuelson specifically stated "the inspection by Donan Engineering revealed improper installation materials was revealed in the usage of unsealed and deteriorated nails." This is a direct misrepresentation of Donan's findings. Seyedkalal and Donan's report said nothing of the 'usage' or installation of the shingles with deteriorated nails, but instead that the nails observed were deteriorated at the time of Donan's inspection. Donan's report and findings specifically stated "exposed nails holding the Decra shingles are unsealed, deteriorated, and displaced on all slopes."

12. Safeco misrepresented the findings of its engineer and further misrepresented the basis for denying coverage to Plaintiff. Safeco knowingly altered the findings of Donan through misrepresentation in Mr. Samuelson's February 13, 2017 in order to undergird Safeco's outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

13. Ms. Humphreys reported the loss for her tile roof, a roof generally far more expensive than the more common composition shingle roof placed on most residential homes. Ms. Humphreys contractor quoted her a price for $85,174.71. Not having the funds to replace the tile roof and in an effort to mitigate her damages, Ms. Humphreys instead paid her contractor $16,220 for a composition shingle roof.

14. After Plaintiff filed suit in this matter, Safeco invoked appraisal per the policy on April 23, 2018. The policy's appraisal provision required that the appraisal panel shall determine the amount of loss. Safeco designated Mark West as its appraiser. Ms. Humphreys designated Earl Stigler. The appraisers designated Randy LeBlanc as their appraiser.

15. The appraisal panel concluded its findings on July 29, 2018, finding $19,495.94 in damages.

16. However, the appraisal panel improperly appraised the value of the cheaper, composition shingle roof—not the insured and more expensive tile roof. On information and belief, Ms. Humphreys alleges that Safeco intentionally instructed its appraiser, Mark West, to appraiser the lower valued composition shingle roof in order to skirt Safeco's obligation to pay for the far more valuable tile roof. Safeco attempted to appraise a far less expensive item as a means to establish an estoppel defense in the courts, in bad faith.

17. Safeco knowingly committed the conduct described herein as a means to avoid its obligations and payment under the policy. Safeco instructed its adjuster, engineer, and appraiser to conduct outcome-oriented investigations of the loss. These investigations led to the underpayment of Plaintiff's claim.

## IV.
## CAUSES OF ACTION

18. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.  Breach of Contract**

19. Safeco had a contract of insurance with Plaintiff. Safeco breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

### B. Prompt Payment of Claims Statute

20. The failure of Safeco to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

21. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

### C. Bad Faith/Deceptive Trade Practices Act ("DTPA")

22. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

23. Defendant violated Section 541.051 of the Texas Insurance Code by:

   (1) making statements misrepresenting the terms and/or benefits of the policy.

24. Defendant violated Section 541.060 by:

   (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

   (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

   (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

   (4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

   (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

25. Defendant violated Section 541.061 by:

   (1) making an untrue statement of material fact;

   (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

   (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

   (4) making a material misstatement of law; and

   (5) failing to disclose a matter required by law to be disclosed.

26. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

27. Defendant has violated the Texas DTPA in the following respects:

   (1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

   (2) Safeco failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

   (3) Safeco, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Safeco took advantage of Plaintiff's lack of knowledge, ability,

experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

28.   Defendant knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.   Attorneys' Fees**

29.   Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

30.   Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because she is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

31.   Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## V.
## CONDITIONS PRECEDENT

32.   All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Lacey Humphreys prays that, upon final hearing of the case, she recover all damages from and against Defendant that may reasonably be

established by a preponderance of the evidence, and that Ms. Humphreys be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Ms. Humphreys may show herself to be justly entitled.

    Respectfully submitted,

    **DALY & BLACK, P.C.**

    By:   /s/ *James Willis*
        Richard D. Daly
        TBA No. 00796429
        rdaly@dalyblack.com
        ecfs@dalyblack.com
        James Willis
        TBA No. 24088654
        jwillis@dalyblack.com
        2211 Norfolk St., Suite 800
        Houston, Texas 77098
        713.655.1405—Telephone
        713.655.1587—Fax

        **ATTORNEYS FOR PLAINTIFF**
        **LACEY HUMPHREYS**

    AND

    **MACKIE WOLF ZIENTZ & MANN, P.C.**

    By:   /s/ *Stephen Wu*
        Stephen Wu
        State Bar No. 24042396
        Mackie Wolf Zientz & Mann, P.C.
        14160 North Dallas Parkway, Suite 900
        Dallas, Texas 75254
        (214) 635-2650
        (214) 722-5184 Direct
        (214) 635-2686 Fax
        swu@mwzmlaw.com
        **LOCAL COUNSEL FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 3, 2019, a true and correct copy of the forgoing was served on all counsel of record by the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

Mark D. Tillman
Dan Scott
**TILLMAN BATCHELOR LLP**
1320 Greenway Drive, Suite 830
Irving, TX 75038
(214) 492-5720
(214) 492-5721 Fax
mark.tillman@tb-llp.com
dan.scott@tb-llp.com

**ATTORNEY FOR DEFENDANTS**
**SAFECO INSURANCE COMPANY OF**
**INDIANA**

            */s/ James Winston Willis*
            James Winston Willis